on behalf of Mr. Brandau and Ms. Hartman. Wait one second. We have a group leaving. It's not that they would not have found your argument interesting, but they're here for a particular purpose. All right, counsel, you may proceed. Thank you, Your Honor. These appeals challenge the full shackling policy. And by full shackling, I mean shackling at the legs, the waist and the hands. That is the policy in the Fresno and Yosemite divisions of the Eastern District of California on due process grounds that no necessity has been shown for the one individual need for shackling in these cases and two, for the level of shackling that's required. The government has essentially responded to these appeals by arguing. Is there nobody here from the government? Oh, there is. Okay. Escobar. The government has essentially argued that these appeals are precluded by the doctrine of mootness. And they have argued basically two arguments in terms of mootness. One is that it is moot as to these particular defendants ignoring the doctrine set forth in the Howard case decided by this court that basically the courts permit review where it is no longer possible to remedy the particular grievance, giving rise to litigation where it is capable of repetition and yet evading review. Obviously, these defendants are probably not going to be shackled again, but there are other defendants who are coming before the court every day and being shackled in these cases. And this court could effectively make a remedy for those defendants. Secondly, they argue that as to those class of defendants that might in the future face shackling policy, that the case is also moot. But in this, in Howard, they point out that it is capable of repetition when the defendants are challenging an ongoing government policy. And that is our position here, that this policy is ongoing and that this court has the authority to fashion a remedy, an effective release for future appellants. And I think it's important to remember that the party asserting the motion or mootness bears a heavy burden of establishing there is no effective relief remaining for the court to provide. Basically, the government has argued in this case in their brief, first in their motion to dismiss, which was denied without prejudice to bring it in their appellate brief and their answering brief, which they raised again, that because there is no written policy or rule that was rescinded, that there is no, in effect, no policy. And clearly, the government hasn't presented any evidence in this case that there isn't any policy regarding shackling any different than what there was when these defendants appeared in court. Ginsburg. Why wouldn't we be looking at now the question of general order 465 rather than 441? Well, number one, 465 doesn't even apply to Fresno or Yosemite. It only applies to the Sacramento division. And I think the government ---- Well, they vacated the other order. They vacated the other order, yes. The written order. There still is a policy. There was a policy in regard to shackling before we had a written order. There's still a policy involved in those decisions. Well, I don't ---- I'm having some trouble understanding that. They have the order of the shackling, everybody. In Sacramento, they have an order that is somewhat reasonable. In fact, in Sacramento, the order is ---- Stand for just a second. Sure. Okay. They have order number 441. That's been rescinded. Yes. That was ---- Yes. Okay. And then in there, in that order, as to the two locations of your clients, they say they have some specifics with respect to Fresno, and then they say it doesn't apply as to Yosemite, correct? The current order ---- Yes. Rule 43-401, the current order provides for that rule. That rule says that there ---- it sets forth a shackling policy for the Sacramento Division of the Eastern District only. And that rule only applies to the Sacramento Division. It sets forth policies ---- Well, it says as to Fresno, the individual judge is to decide on shackling in consultation with the Marshall Council and Defense Council. That's correct. But I believe the ---- there's still a policy there, and the government has the burden, if it wants to argue muteness, to show what the policy is. That is different from what is ---- What's the policy? What do we look at to find out the policy? Well, the government has the burden to establish there's a different policy, and it's our position they haven't done that. I can ---- I don't understand what you're saying their burden is. I mean, under spring court law, we should look at the law as it is, not necessarily as it was a judgment, if it's changed. So if you say that ---- Well, I invite them ---- what I'm saying is I invite them to cite any instance where it's changed, and they haven't done that. And I would point out to the Court that I ---- What do you mean, cite any instance? Well ---- Cite a criminal case or just cite ---- Cite any instance where a defendant has not been fully shackled. Cite any instance where a defendant received a hearing regarding this necessity for shackling. I go to Fresno all the time. I see what happens, and basically the policy is exactly the same. Everybody ---- Well, are you suggesting that we need an evidentiary hearing as to what the actual practice is? I suggested in my response to their motion to dismiss that that might be the case. If the Court has some concerns about what the exact policy is, it might be remanded for a hearing about what the policy is now. I don't think the government would dispute, and I challenge the government to mention when it gets up here, that the policy is now is, except for one judge, everybody is shackled fully, legs, waist, hands, all the time. One judge now allows somebody to have a hand free when they do the oath at the Rule 11 colloquy, and then the hand is reshackled for the rest of the plea. So that's the current policy. If the government has any evidence otherwise, I invite them to come forth and put that forth. The policy ---- Why don't you give the government a chance to say what has happened? Sure. Good morning, Your Honors. Karen Escobar for the United States. I did not handle the matter in the district court. I've just handled this appeal. However, I have been in the Eastern District, in the Fresno Division, since 1990. Paraphrasing Your Honor, from the first case, you have to know what the defendant wants in order to get the appeal. Determine whether the defendant should get it. And here, I'm quoting from their briefs, they would like for this court to reverse and vacate the district court's order upholding the universal full body shackling policy of the Eastern District. Or to remand for an evidentiary hearing as to what the current policy is. The policy in effect at the time has been eliminated. The policy in effect now is there is no policy for the Fresno Division of the district. And that's specifically stated in the findings in support of the new general order 465. In the findings section ---- Well, you could have a new policy and have the no policy and have the identical practice continue under the label of no policy. The no policy ---- That would not make a case move. The no policy specifically states that it's ---- How can a no policy state? Well, the Fresno Division is excluded from the current shackling policy, which is not a full body shackling policy. The no policy leaves it to the individual judges to make an individualized determination. That's not a no policy. That's not a no policy. There's no policy in Yosemite, it appears, or no policy that this covers. The Fresno Division is specifically excluded. And this is a ---- But then at the end of the policy, it says what the policy is in Fresno. As you just started to say. Individualized. The policy is that the individual judges decide the shackling in consultation with the marshal, the counsel, and the defense counsel. Yes, but we're excluded by the policy. Yes, yes. But it then goes on to say a rule doesn't apply at all in Yosemite because of not really being under the aegis of the marshal. Correct. Correct. All right. But whatever the policy is, let's suppose the policy said the individual judge should decide, and all the individual judges decided on the same policy that was previously in effect. Would that not ---- would that make the case move? Well, there is not that stated policy. No. But you're supposed to prove you're the burden of showing that it's moved. We believe that it's moved because the policy in place at the time, the full body shackling policy, has been vacated. So there is no case or controversy. I just said to you, suppose it was vacated and the practice continued under the new policy, that each individual judge shall decide, can decide, that there's still full shackling. And as a result, as counsel suggested, there still is full shackling. Does that make the case move? Because you changed the paper format so that instead of telling the judges to do it, you say to them, you can do it if you want. This Court does not have authority to issue an advisory opinion. Well, I'm not talking about an advisory opinion. I'm talking about an opinion based on the fact that you have not shown it's moved. The policy ---- I'm not saying that we should do that. I'm saying one of the possibilities is to do that. Another is to find out whether it really is moved through an evidentiary hearing. Well, the policy, in effect, at the time, no longer exists, which is why the government maintains that issues ---- Maybe you'd like to answer the question that Judge Noonan thought you should be brought up for. What the current policy or practice, I should say. Practice, yes. Your Honor, the practice is that the detained defendants are brought in in shackles. They're brought in leg shackles and waist shackles. I think that handcuffs are usually applied in the cases. And the defendant's right hand is or righting hand is removed from the handcuff when they are brought for the Rule 11 proceeding or during the long cause proceedings, at least 30-minute long. Would that combination of shackles be considered full shackle? I believe it's defined as full shackling. However, when a defense attorney does object to the procedure, and I have not been in the courtroom when that's occurred, I think that the judge can consider the issues at that time. I think that the judges of the Eastern District fully considered the safety concerns in issuing the current policy, and they specifically alluded to statistics bearing on security issues in the district. Let me ask you about that. It seems a little odd to me that you would have a judge in the Eastern District ruling on the constitutionality of a policy promulgated by the judges, including that judge, in terms of the recusal requirements under the Code of Conduct. Why don't we send this to or ask that a judge outside the district, if the case is still alive at the end of the Court of Appeals, why wouldn't another judge be appropriate? I think it's appropriate to have a case-by-case analysis dictated by the facts and circumstances for which a Fresno judge is most familiar concerning the circumstances. You're asking him to act if he's acting, asking him to rule on whether he's acting constitutionally. No, I think that a case-by-case determination of the propriety of shackling in any given case can be and should be considered by a judge familiar with the courtroom setting. It's very defendant-specific as opposed to policy-related. Maybe I wasn't completely clear in my question, but my question really goes to whether an Eastern District judge should be making the determination of the constitutionality of this policy overall. Well, the Central District judges considered the constitutionality of their shackling procedure, and this Court determined that that was appropriate for those judges to issue a shackling policy, albeit it is different. There is no exclusion of any judges within the Central District from the policy, but the judges considered security concerns balanced against the constitutional issues that Your Honors are concerned about. There was no contention that it was inappropriate for those judges. Did you say this Court approved that, or just was it not appealed? In the Howard case? I don't know. Yes. What was the name of the case? Howard case. The Howard case was the Central District. Did we say that it was appropriate for the district judge, the Central District judge, to make that ruling? I don't know. I don't believe the recusal issue was brought up in the Howard case. No. Could I ask you a question? I just don't understand the mechanism exactly. Obviously, you're representing the Eastern District judges. Who do you deal with as your client? I personally deal with primarily drug defendants. I'm an OCDETF. I'm sorry, you deal with who? Drug defendants. I prosecute organized ---- Who's your client in this case? Oh, the United States of America. The whole United States? I'm an assistant U.S. attorney. You've got some concrete person. Who do you deal with? Who is your client as a person? My client is the Justice Department in the United States of America. Is the Justice Department representing the Eastern District in this case? The United States Attorney's Office is representing. Has somebody told you, come up here and represent us? I'm assigned to handle the case, Your Honor. What's that? I'm assigned to handle this case. No, but who told Mr. Cattani, come up here and argue this case? The U.S. Attorney told you? Well, on behalf of the United States of America, the Justice Department. You obviously represented the United States globally, or the U.S. Attorney's Office did, in these criminal cases. But then the issue of shackling came up, and these defendants have pled guilty, so we don't really have their criminal problem. So now, apparently, you either represent the court or not. I don't represent the court, no. You don't represent the court. You think we should appoint someone to represent the court? No, I do not. Again, I rely on the court. I don't see how we're getting any representation of what the court thinks. You're sort of a bystander. Well, not in the two cases that gave rise to the appeal, for which we are arguing mootness and the fact that they've waived the right to appeal in their guilty plea. That's not necessarily the position of the court you're telling us. You're saying you're in a criminal case representing the United States of America, all of us included. But that doesn't have much to do with whether the court wants to defend the policy that it has adopted or whether it wants to change it or what the court wants to do about the policy. The court's policy meets reality or whatever. I can tell you about reality, and I do want to go home to my children. We ought to appoint someone. You're going to go home to your children every day? No, I have an interest. Why don't you start now? What does that have to do with this case? Your Honor, security has everything to do. Oh, well, come on. You know, you really think that argument is a proper argument in a case of law, that you want to go home to your children? I think the reality of safety in the courtroom should be a matter that is of concern to everyone here. Well, what's of concern to us is what is the position of the Eastern District of California. And if you're not in a position to represent the judges of the Eastern District, I think Judge Newman may be right. Maybe we should appoint someone to represent them. I think the Eastern District judges, well, Your Honor, that's an issue to consider. I think that the United States has an interest in the manner in which the cases are prosecuted and in courtroom security. Well, they may well have an interest, and if they want to come in as amicus, that might be fine, or as an interested party. I think the difficulty here is that everybody has an interest in courtroom security, including the defendants. But at this stage, we have a new policy, but we don't know how it's being implemented. And we don't have, obviously, we've given some anecdotal evidence by both of you, but each recognize that this isn't before the court. So we don't have any evidence before this Court of how this is actually implemented. Well, Your Honor, I think that it's right. I don't think that this criminal prosecution is the appropriate vehicle. Perhaps a class action suit against the judges of the Eastern District. But these two criminal prosecutions, one of which is over, the other, the defendant, is on supervised probation. The term will be ending toward the end of this year. This criminal prosecution is not the appropriate vehicle to issue or consider the manner in which the judges of the Eastern District promulgated the current policy or the exclusion of the Sacramento policy to the Fresno Division of the District. Did you argue that in your brief? I argued the mootness doctrine. No, I didn't argue there's another vehicle that should be brought. I argued the mootness doctrine. If it's not moot, then, you know, we have to, of course, consider the issue of standing on our own. And there may be some question of whether they have standing vis-a-vis, say, Sacramento. But each individual person, one was in Fresno, one was at Yosemite. So but if you didn't argue that the case should be dismissed, if you didn't argue in the district court, it ought to be dismissed because you can't make such a challenge in the process of the criminal prosecution. Haven't you waived that argument? No, I haven't waived. There hasn't been a waiver. The person who was in the district court, the U.S. Attorney's Office, the big United States. Right. We haven't waived that argument because we have never addressed the propriety of the criminal prosecution as the vehicle, as being the vehicle for reaching the broader policy issues that this court would like to address. We stood on the mootness and the waiver doctrine in the context of this criminal prosecution. The waiver of the right to appeal that was expressly made in Defendant Carr's plea agreement. The waiver that was made by Defendant Brandow in not entering a conditional guilty plea. We've addressed our argument solely within the context of the criminal prosecution. There was never a class action suit for which we would, you know, address the standing issue. There is no standing for these defendants now to challenge the general overall shackling, propriety of the shackling policy as it applies now or doesn't in the Fresno Division. We do not think that this criminal prosecution is the appropriate vehicle. Thank you, counsel. Thank you, Your Honors. You have a couple of minutes left to rebuttal. Thank you. I just have two quick comments. One, I would like to address the government's argument about who they represent. When we were in the district court in front of Judge Wanger, and this is in our brief, Judge Wanger invited the U.S. attorney several times at the hearing to present evidence about the necessity of shackling in the district. And the government's position was, in quote, we have no dog in that fight. So that's part of the problem. Secondly, I would remind the Court that we did, both Mr. Branda and Mr. Carr, filed a motion to modify the record, wherein I included a transcript in another case where I made a motion to unshackle at a time when the policy was that the judge should make an individual determination. That case is Nanyo Ponce-Torres, who was arrested in Sequoia National Park for driving with a suspended license. And the Court denied a hearing in that case and had him fully shackled and then immediately released him after a short hearing. Isn't it procedurally odd, though, if you have an individual defendant in a criminal case challenging a court-wide policy, all of which would require evidence of all kinds of cases? I mean, doesn't that strike you as a little odd that this would be the vehicle to do that? Well, I think Howard answers that question. They do discuss whether the class action is appropriate and indicate that it is appropriate in that case. And that's why they allowed it proceed in that case, challenging the policy in the central district. So I think Howard answers that question. And the government has never, obviously, raised that issue here, challenging that. No, but I mean, it would go to standing and how far we would go in considering the claims. I mean, this isn't a class action. It is a criminal case. This is the collateral consequences of a criminal case. I think basically Howard's answer is that otherwise this matter would never be heard, and that the appropriate parties are people who are involved in those cases. And because the CJA prevents representation in collateral matters of civil actions, that there would be nobody to pursue those suits, basically. And therefore, the court couldn't get to the due process concerns. I'd submit it on that unless there's any further questions. Thank you, counsel. Thank you. The case is targeted to be submitted. The next case on the calendar has been submitted without argument. That's Olivas v. Nevin. And the next case for oral argument is Busbee v. McGrath.
judges: Reinhardt, Noonan, McKeown